IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAUREN RECTOR                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 1:25-CV-200-HSO-BWR

HOME OF GRACE CORPORATION                                  DEFENDANT

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Home of Grace Corporation ("Defendant") provides its answer and affirmative defenses to Plaintiff Lauren Rector's ("Plaintiff") Complaint. Defendant denies each and every allegation contained in the Complaint, including any attachments thereto, except those which are hereinafter expressly admitted.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Defendant pleads all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff lacks standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly plead her claims in accordance with Fed. R. of Civ. P. 8(a).

### FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to an award of attorneys' fees.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue any federal law claims which are beyond the scope of any EEOC Charge filed. The Court lacks jurisdiction to the same extent.

1

## SEVENTH AFFIRMATIVE DEFENSE

Defendant states that employment criteria or standards applied to Plaintiff's employment, if any, were job related and consistent with business necessity.

## EIGHTH AFFIRMATIVE DEFENSE

While denying Plaintiff is entitled to punitive damages, Defendant affirmatively pleads that an award of punitive damages would violate the Mississippi and U.S. Constitutions.

## NINTH AFFIRMATIVE DEFENSE

Defendant pleads all applicable defenses under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), including applicable limitations on damages.

## TENTH AFFIRMATIVE DEFENSE

Defendant pleads estoppel, both equitable and judicial, as well as the defenses of collateral estoppel, res judicata, waiver, laches, and privilege.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith at all times in its conduct toward Plaintiff, and Plaintiff's own actions, or the actions of a third party for whom Defendant is not responsible, were the proximate and superseding cause of any damages Plaintiff may have sustained. Consequently, no liquidated damages should be awarded, and Defendant invokes all applicable contribution, setoff, and comparative fault principles.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff did not timely exhaust her administrative remedies for some or all of her alleged theories or claims. This Court lacks jurisdiction over any unexhausted theories or claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages she alleges to have suffered.

PD.50288431.1

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's actions were based on legitimate business reasons and reasonable factors and, as a result, do not implicate Title VII.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant reserves all available defenses under Fed. R. of Civ. P. 8(c) and 12(b).

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant pleads the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to rely upon any after-acquired evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking special damages, Plaintiff has failed to plead such damages with the specificity required by Fed. R. Civ. P. 9(g).

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant pleads all damages caps, including those that are statutory under Title VII and those applicable to any request for punitive or compensatory damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for any allegations or claims or theories subject to exhaustion and not included in a timely sworn charge of discrimination brought within 180 days of the date Plaintiff knew or should have known that the alleged discrimination or retaliation occurred or not sued upon within 90 days of receiving an EEOC right-to-sue notice. Plaintiff also is barred from recovery against any party not named in a timely sworn charge of discrimination.

PD.50288431.1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff's sex, pregnancy, or any other impermissible factor, to the extent alleged, played a role in any employment decision related to Plaintiff. Alternatively, even if some impermissible motive was a factor in any of those decisions, the same decisions would have been reached for legitimate, non-discriminatory business reasons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination under federal law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

At all times, Defendant acted in compliance with all applicable workplace policies and procedures.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant has not engaged in any discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights so that, in the event liability is found to exist, punitive damages should not be awarded.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the right to rely upon the *Faragher-Ellerth* affirmative defense because it exercised reasonable care to prevent any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities Defendant provided.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively denies Plaintiff sustained any damages as alleged in her Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads the defenses of good faith and/or honest belief.

4

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

Defendant affirmatively avers that Plaintiff is not entitled to any compensatory damages, liquidated damages, punitive damages, or costs related to this lawsuit.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant pleads all applicable defenses under Title VII, including applicable limitations on damages.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or further investigation.

## ANSWER

Without waiving any affirmative defenses, Defendant makes the following responses to each numbered paragraph/section of Plaintiff's Complaint:

## COMPLAINT

Defendant denies the allegations contained in the first, unnumbered paragraph beginning with the phrase "Comes Now . . . [,]" except to admit that Plaintiff has filed this lawsuit, and denies Plaintiff is entitled to any relief whatsoever from Defendant.

## THE PARTIES

1.      Defendant denies the allegations contained in Paragraph 1 of the Complaint for lack of sufficient information.

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint, except to admit that Defendant may be served process in accordance with applicable law.

PD.50288431.1

## JURISDICTION AND VENUE

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint, except to admit that this Court has jurisdiction over this matter.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint, except to admit that this Court has jurisdiction and venue is proper in this Court.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint for lack of sufficient information.

## STATEMENT OF FACTS

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint for lack of sufficient information.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint as stated.

10.      Defendant denies the allegations contained in Paragraph 10 of the Complaint for lack of sufficient information.

11.      Defendant denies the allegations contained in Paragraph 11 of the Complaint for lack of sufficient information.

12.      Defendant denies the allegations contained in Paragraph 12 of the Complaint for lack of sufficient information.

13.      Defendant denies the allegations contained in Paragraph 13 of the Complaint as stated, except to admit that Pee informed Plaintiff that Plaintiff was terminated.

14.      Defendant denies the allegations contained in Paragraph 14 of the Complaint, except to admit that McMillin was terminated.

6

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint for lack of sufficient information.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint for lack of sufficient information.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint for lack of sufficient information.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint for lack of sufficient information.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. The allegations contained in Paragraph 21 of the Complaint do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint for lack of sufficient information.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint as stated.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

PD.50288431.1

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint for lack of sufficient information.

31.     Defendant admits that Plaintiff began working part time for Home of Grace in March 2024.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint for lack of sufficient information.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint for lack of sufficient information.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint for lack of sufficient information.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint for lack of sufficient information.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint for lack of sufficient information.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint for lack of sufficient information.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint for lack of sufficient information.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint for lack of sufficient information.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint for lack of sufficient information.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

PD.50288431.1

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint for lack of sufficient information.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint for lack of sufficient information.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint for lack of sufficient information.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint for lack of sufficient information.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint for lack of sufficient information.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint for lack of sufficient information.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint for lack of sufficient information.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint for lack of sufficient information.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint for lack of sufficient information.

51. Defendant admits the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint for lack of sufficient information.

PD.50288431.1

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint for lack of sufficient information, except to admit that Plaintiff and Pee met.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint for lack of sufficient information.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint for lack of sufficient information.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint for lack of sufficient information.

58.     Defendant admits the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant admits the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint for lack of sufficient information.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint as stated.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint as stated.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint for lack of sufficient information.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint for lack of sufficient information.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

PD.50288431.1

68. Defendant admits the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint for lack of sufficient information.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint for lack of sufficient information.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint for lack of sufficient information.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint for lack of sufficient information.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint, except to admit that Plaintiff disclosed her being pregnant to Amy Clayton.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint for lack of sufficient information.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint for lack of sufficient information.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint for lack of sufficient information.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint, except to admit that Pee instructed Plaintiff to come in to meet with her.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint for lack of sufficient information.

PD.50288431.1

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint as stated.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint for lack of sufficient information.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint for lack of sufficient information.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint for lack of sufficient information.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint for lack of sufficient information.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint for lack of sufficient information.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint for lack of sufficient information.

PD.50288431.1

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint, except to admit that Pee was terminated.

## CAUSES OF ACTION

## COUNT 1: VIOLATION OF TITLE VII-PREGNANCY DISCRIMINATION

98. Defendant adopts and incorporates its responses to all preceding paragraphs in response to Paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

## COUNT II: VIOLATION OF TITLE VII – SEX DISCRIMINATION

102. Defendant adopts and incorporates its responses to all preceding paragraphs in response to Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the final, unnumbered paragraph of the Complaint beginning with the phrase "WHEREFORE, PREMISES CONSIDERED," including subparagraphs (1) through (9).

Consistent with the answer and affirmative defenses set forth herein, Defendant requests that the Complaint be dismissed with all costs taxed to Plaintiff and an award of attorneys' fees be provided to Defendant.

THIS the 21st of August, 2025.

PD.50288431.1

Respectfully submitted,

PHELPS DUNBAR LLP


BY: /s/ *H. David Clark, III*
　　 H. David Clark, III MB #104165
　　 1905 Community Bank Way, Suite 200
　　 Flowood, Mississippi 39232
　　 P.O. Box 320159
　　 Flowood, Mississippi 39232-0159
　　 Telephone: 601-352-2300
　　 Telecopier: 601-360-9777
　　 Email: trey.clark@phelps.com

PD.50288431.1

## CERTIFICATE OF SERVICE

I, H. David Clark, III., certify that on August 21, 2025, I had the above and foregoing *ANSWER AND AFFIRMATIVE DEFENSES* electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ *H. David Clark, III*
H. David Clark, III

PD.50288431.1